IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREIDA BOSH, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:22-cv-02855-D (BT) | |
| § | | |
| HILLSIDE WEST SENIOR LIVING, § | | |
|     Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Freida Bosh brings this *pro se* civil action against Hillside West Senior Living (Hillside). The Court granted Bosh leave to proceed *in forma pauperis* but has not issued process pending judicial screening. (ECF No. 5.) Having screened the operative complaint, the Court recommends the case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Bosh initiated this action by filing a complaint (ECF No. 3), which includes several attachments, and a motion for leave to proceed *in forma pauperis* (ECF No. 4). After granting her motion, the Court informed Bosh that her pleadings were not filed on the court-approved form. (ECF No. 6). Thereafter, Bosh filed an amended complaint on the appropriate form. Am. Compl. (ECF No. 7.)

1

In her amended complaint, which is the operative complaint,[1] Bosh alleges she is a "disabled" "adult resident" at Hillside in Dallas, Texas. Am. Compl. 2, 4, 7. She further alleges she has lived at Hillside for two years. Bosh claims Hillside permits the fire alarms to "blast[ ] for hours," and it has damaged her hearing and "unlawful[ly] discriminat[ed]" against her. *Id.* at 4, 6. Bosh contends she asked Hillside for "handicap accommodations," and "on October 30, 2022 [she] fell and hit her head." *Id.* at 4. She asserts Hillside's actions violated her rights under the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794 and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, by allegedly discriminating against her based on her "disability." *Id.* at 3, 6, 8-10. Other portions of her amended complaint reference parties who are not named as defendants and appear to have been copied from another lawsuit. *Id.* at 8, 9. By her lawsuit, Bosh seeks declaratory relief, compensatory and consequential damages, punitive damages, attorneys' fees, and court costs. *Id.* at 10.

## Legal Standards

Bosh's amended complaint is subject to preliminary screening under 28 U.S.C. § 1915(e). That section provides that a district court may

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).

2

summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Bosh's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

Even under this most liberal construction, however, Bosh's amended complaint fails to state a claim upon which relief can be granted.

## Analysis

The RA and the ADA prohibit discrimination against individuals with a qualifying disability. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). "The RA and the ADA are judged under the same legal standards, and the same remedies are available under both Acts." *Back v. Tex. Dept' of Criminal Justice Institutional Div.*, 684 F. App'x 356, 358 (5th Cir. 2017) (per curiam); *see also Butler v. Collins*, 2023 WL 318472, at *14 (N.D. Tex. Jan. 19, 2023). To state a claim under either the RA or the ADA, a plaintiff must show, *inter alia*, that she is "disabled within the meaning of the ADA." *Kemp*, 610 F.3d at 235 (citing *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir.1999)). Under the ADA, a "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(1)). The term "major life activities" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* (citing 42 U.S.C. § 12102(2)(A)).

Bosh generally alleges that she has a "disability." Am. Compl. 4, 7, 8. The RA and the ADA both prohibit discrimination against those individuals who can demonstrate they are "disabled" as the term is defined under the ADA. *See Kemp*, 610 F.3d at 235. However, Bosh fails to state what her disability is or otherwise explain how she is disabled. Moreover, she fails to provide any facts suggesting she is substantially limited in one or more major life activities. *See id.* (citing 42 U.S.C. § 12101(1)). In sum, Bosh has failed to show she has a disability under the ADA, and she cannot make a *prima face* case for disability discrimination under the RA or the ADA. *See id.* (citing 42 U.S.C. § 12102(1)). Bosh has failed to state a claim under the RA and the ADA.

## Conclusion

For the reasons stated, the Court should DISMISS this case without prejudice under 28 U.S.C. § 1915(e)(2)(B). The Court should grant Bosh leave to amend her complaint to plead sufficient facts to state a plausible claim under the RA and the ADA.[2] Bosh should be required to file her

---

[2] The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

amended complaint within 30 days of any order accepting these Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**SO RECOMMENDED**.

February 16, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).